GARCÍA v. FERNÁNDEZ.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 34.   Resuelto en Febrero 25, 1905.

DESAHUCIO.—FALTA DE PAGO DEL CANON ESTIPULADO.—La falta de pago, por parte del arrendatario, del canon estipulado en un contrato de arrendamiento, es causa de desahucio.
ID.—VENCIMIENTO DEL PRECIO DEL ARRENDAMIENTO.—TOLERANCIA DEL ARRENDADOR PARA CON OTROS ARRENDATARIOS.—COSTUMBRE DE LA LOCALIDAD.—Convenido el precio del arrendamiento de un inmueble en un determinado canon mensual, debe entenderse que cada mensualidad de alquiler comienza en pri-

mero de cada mes y termina el día último, debiendo reputarse el arrendatario deudor del precio del alquiler mensual al terminar el mes respectivo, y si se hubiere pactado que el arrendatario estaba obligado á entregar el precio del arrendamiento sin más requisito que la presentación del recibo correspondiente por parte del acreedor, la tolerancia que tuviera éste con otros arrendatarios en cuanto al cobro del arrendamiento, ó la costumbre que con respecto á ese cobro pueda existir en la localidad, en nada alterarán las condiciones del contrato celebrado.

ID.—CONSIGNACIÓN.—SUS REQUISITOS.—Para que la consignación ante la autoridad judicial sea eficaz y pueda liberar al obligado, es necesario que la cantidad consignada hubiere sido previamente ofrecida al acreedor y que éste se hubiera negado á aceptarla, y además que se le haya anunciado oportunamente la consignación.

Los hechos están expresados en la Opinión.

Abogados del apelante: *Sres. Díaz y Texidor*.

Abogado del apelado: *Sr. Moraza*.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del Tribunal.

Con fecha 4 de Abril del año próximo pasado Don Guillermo García Mayo formuló demanda de desahucio ante la Corte de Distrito de San Juan contra Don Policarpo Fernández fundándola en que éste no había satisfecho aún en la fecha expresada el precio de 30 dollars correspondiente al mes anterior por alquiler de unos departamentos de la planta baja de la casa No. 1 de la calle de San José, de esta Capital de que aquél era propietario. Al celebrarse el juicio verbal prevenido por la ley de Enjuiciamiento Civil entonces vigente, Don Policarpo Fernández se opuso á la demanda, por ser incierta la causa de desahucio alegada, pues el precio del arrendamiento de que se trata se consignó en el Juzgado Municipal de Catedral en vista de que el arrendador se negó á aceptarlo oportunamente; y formalizando su oposición, alegó Fernández que como Don Guillermo García no le cobrara en 31 de Marzo, según hacía con otros inquilinos, el alquiler de parte de la planta baja de la casa No. 1 de la calle de San José que poseía en arrendamiento, ofreció á dicho García el importe del alquiler devengado en dicho mes, que García no quiso recibir bajo el pretexto de que no llevaba consigo el recibo, sin que tampoco éste le fuera en

viado después, por lo que acudió al Juzgado Municipal de Catedral y consignó en el mismo día 31 de Marzo los 30 dollars de esa mensualidad pidiendo fuera requerido García para su recibo; habiéndose presentado la demanda de desahucio por falta de pago cuatro días después de ofrecida y hecha la consignación del importe del alquiler.

De las pruebas practicadas en el juicio resulta:

1. Que por escritura pública otorgada en 2 de Enero del año próximo pasado Don Constantino Fernández, como apoderado de Don Guillermo García, arrendó á Don Policarpo Fernández parte de la planta baja de la casa No. 1 de la calle de San José, por término de seis años, que comenzarían á correr en primero del mes expresado, y vencerían el 31 de Diciembre de 1909, "durante cuyo plazo satisfará el inquilino al propietario por canon de este arrendamiento 30 dollars mensuales, sin más requisito que el recibo de su representante", según así se expresa literalmente en la cláusula 2a. del contrato.—2o. Que en 31 de Marzo de 1904 consignó Don Policarpo Fernández en el Juzgado Municipal de Catedral la suma de 30 dollars por el alquiler de la casa en cuestión correspondiente á dicho mes, con el fin de que se tuviese por hecha la consignación en tiempo y forma y se requiriera al García para que recibiera dicha cantidad y entregara el comprobante del caso, proveyendo dicho Juzgado Municipal de conformidad, en la misma fecha, sin que García, al serle entregada la suma consignada, se prestara á aceptarla, pues alegó que tenía interpuesta contra Fernández demanda de desahucio precisamente por falta de pago del alquiler correspondiente al mes de Marzo y que le sorprendía tal consignación por no haberse justificado el ofrecimiento de pago, ni el anuncio del mismo; razones por las que creía que la consignación no debió ser admitida, y que aún admitida carecía de toda eficacia legal.— 3o. Que el demandado Don Policarpo Fernández absol-

viendo posiciones, declaró que el día treinta y uno de Marzo á las 10 y media de la mañana ofreció al demandante García el dinero de la mensualidad correspondiente á dicho mes, en el zaguán de la casa No. 1 de la calle de San José, ante Juan González y Alfredo Suárez, cuyo dinero no quiso recibir García, pretextando no llevar consigo el recibo: y examinados Juan González y Alfredo Suárez, el primero manifestó haber presenciado en 31 de Marzo el ofrecimiento que hizo Fernández á García de los 30 dollars importe del alquiler de la casa correspondiente á dicho mes, cuya suma se negó á recibir García por no llevar consigo el recibo; y el segundo expresó que en 30 de Abril fué requerido por Fernández para que presenciara como ofrecía á García el dinero del alquiler de la casa, no recordando si en 31 de Marzo le hizo Fernández el mismo requerimiento.—4o. Que al declarar los testigos Eduardo Aruti, José Lugo, y Salvador Mirabal, el primero dijo que García le comisionó para que cobrara á Fernández la mensualidad de alquiler correspondiente á Marzo, habiendo tratado de cobrarle el día 2 de Abril, sin que le fuera satisfecha, pues Fernández pretextó que lo haría luego, y más tarde le pidió el recibo, pero no pudo dárselo por haberlo ya devuelto á García: el 2o., ó sea Lugo, manifiesta que el día 2 de Abril, antes de almuerzo, estando en la tienda de Fernández, se presentó García á cobrar, contestándole Fernández que lo dejase para luego, pues estaba ocupado; y el 3o., ó sea Mirabal, depone que el día 2 de Abril por la mañana, en ocasión en que se encontraba en la tienda de Policarpo Fernández, llegó García con el recibo, manifestándole Fernández volviese luego pues estaba ocupado.—5o. Que de los testigos Esperanza Marín, Robustiano Rodríguez, Gregorio Dimas y Juan Cortínez, la primera declara que hacía tres ó cuatro meses vivía en los altos de la casa de García, el cual no le cobraba el alquiler el día 1o. de mes, sino del 4 al 6; el 2o., que vive en la casa de García, quien le cobra el alquiler en los días

4 ó 5 de mes, y nunca el día 1o.; el 3o. que nunca cobra las casas que administra en el último día de mes, sino en los primeros del siguiente, y jamás ha demandado á inquilinos porque no le hayan pagado el 3 ó el 4; y el 4o., que como administrador de casas no cobra el día último de mes, sino en los primeros días del mes siguiente, siendo esa la costumbre general. Otros testigos han venido al juicio para impugnar la verdad de la consignación hecha por Fernández el día 31 de Marzo, pero no se hace necesario consignar el mérito de sus declaraciones para la decisión del recurso. La Corte de Distrito de San Juan dictó sentencia en 20 de junio del año próximo pasado, y fundándose en que la falta de pago del precio convenido es motivo de desahucio, y en que Fernández al hacer el ofrecimiento de pago y la consignación no se ajustó á las prescripciones del Código Civil, declaró con lugar la demanda y condenó al demandado Don Policarpo Fernández á que desaloje y deje expedita la parte de casa que ocupa en la calle de San José No. 1 de esta ciudad, en la forma y términos que previenen el primer y tercer apartados del artículo 1594 de la Ley de Enjuiciamiento Civil, con las costas á su cargo.—Contra esa sentencia interpuso Don Policarpo Fernández recurso de apelación y en su alegato escrito ante esta Corte Suprema, después de relatar los hechos resultantes del juicio, dijo: Las razones ó puntos legales en que se funda la apelación interpuesta son las siguientes: 1.—El demandante no tenía ni tiene causa de acción en este caso. Es cierto que la falta de pago del precio convenido en un contrato de arrendamiento es motivo de desahucio, según el artículo 1561 de la Ley de Enjuiciamiento Civil antes vigente. Pero la falta de pago ¿en qué época? Tratándose de un contrato de arrendamiento por canon abonable mensualmente, ¿deberemos entender que el pago ha de hacerse precisamente el día último de cada mes, cuando en el contrato nada se haya estipulado de modo concreto en ese

punto? Entendemos que no. Entendemos que en tal ca-
so, diciendo sólo el artículo 1155 del Código Civil que el
arrendatario está obligado á pagar el precio del arren-
damiento en los términos convenidos, no habiéndose
convenido nada, se ha de estar á la costumbre del lugar,
de acuerdo con lo que dispone el párrafo segundo del ar-
tículo 6 del Código Civil. Y siendo así, la misma prueba
de la parte contraria nos dice con las declaraciones de sus
testigos Robustiano Rodríguez, Gregorio Dimas y Juan
Cortínez, que en esta ciudad no es costumbre cobrar los
alquileres precisamente el día último, sino en los prime-
ros días del mes siguiente, agregando Robustiano Rodrí-
guez que el propio demandante acostumbra hacerlo el día
cuatro ó cinco. Y ello es así, habiéndose presentado la de-
manda el día cuatro de Abril de 1904 por falta de pago
del canon correspondiente al mes anterior ó sea á Marzo
no puede decirse que hubo esa falta de pago fundamento
de la reclamación.—II. Aparte de lo anterior, nos preci-
sa añadir que de conformidad con lo que dispone el Art.
1100 del Código Civil, tratándose de obligaciones nacidas
de un contrato, cuando en el documento en que este cons-
te otra cosa no se exprese, no puede decirse que hay falta
de pago ó morosidad en tanto que la deuda esté vencida,
y no se considera vencida una deuda en tanto que se haya
requerido de pago por el acreedor al deudor sin haber es-
te pagado.—Así lo tiene declarado este Tribunal Supre-
mo en varias sentencias.—Y siendo de ese modo, y no apa-
reciendo en la escritura en que se hizo constar el arrenda-
miento en cuestión haberse pactado los términos en que
debía pagarse el precio del arrendamiento; tal como de-
termina el artículo 1155 del Código Civil, ni mucho menos
que se entendiese vencido éste por solo el hecho de ven-
cerse el mes, ni habiéndose justificado en manera alguna
que el arrendatario fuese requerido á pagar el canon, no
puede asegurarse que éste, al interponerse la demanda
de desahucio, estaba vencido, ni que haya por tanto la fal-

ta de pago. La cuestión á resolver en el presente recurso queda limitada á si la demanda de desahucio tiene fundamento justificado, cual es la falta de pago del precio convenido, tercera de las causas que enumera el artículo 1560 de la Ley de Enjuiciamiento Civil para la procedencia del juicio de desahucio, ó lo que es lo mismo, á si verificó ó no Don Policarpo Fernández, en tiempo oportuno, el pago del precio del arrendamiento de parte de la planta baja de la casa No. 1 de la calle de San José de esta Capital, precio de arrendamiento correspondiente al mes de Marzo del año próximo pasado.—En la escritura pública otorgada en 2 de Enero de 1904 se pactó que ese contrato duraría 6 años, que empezarían á contarse desde el día primero de Enero del expresado año y terminarían por consiguiente en 31 de Diciembre de 1909, conviniéndose además en que el inquilino satisfaría al propietario por canon de este arrendamiento 30 dollars mensuales, sin más requisito que el recibo de su representante; de lo cual se deduce que cada mensualidad de alquiler comienza en 1 de cada mes y termina el día último del mismo, debiendo reputarse el inquilino deudor del precio del alquiler mensual al terminar el mes respectivo; y si ello es así, consecuencia lógica es también que al terminar el mes de marzo del año próximo pasado Don Policarpo Fernández era deudor á Don Guillermo García de los 30 pesos que montaba el alquiler de la casa en el mes expresado.—Para el pago del precio del alquiler mensual, según los términos del contrato, no había de mediar más requisito que el recibo del precio de ese alquiler y tal requisito se llenó cumplidamente por Don Guillermo García, pues las declaraciones de los testigos Don Edgardo Aruti, José Lugo y Salvador Mirabal demuestran cumplidamente que García intentó y quiso cobrar á Fernández, con el recibo correspondiente, el precio del alquiler devengado en el mes de Marzo del año próximo pasado; y no habiendo Fernández verificado el pago, dió causa legal

al juicio de desahucio contra él interpuesto.—La toleran-
cia que tuviera García con otros inquilinos de la casa pa-
ra el cobro de alquileres vencidos y la costumbre que so-
bre ese particular pueda existir en esta ciudad, no alte-
ran las condiciones del contrato de arrendamiento cele-
brado por García y Fernández.—La parte apelante no ha
sostenido en el recurso la eficacia de la consignación que
supone hecha por Fernández; pero aún admitida la exis-
tencia de tal consignación en 31 de Marzo de 1904, no
consta que la cantidad consignada fuera ofrecida ante-
riormente á García y que éste no la aceptara, ni tampoco
aparece que la consignación le fuera anunciada, por lo
cual ha carecido de las condiciones necesarias para libe-
rar al obligado Fernández, con arreglo al artículo 1145
del Código Civil.—Por las razones expuestas debe esti-
marse ajustada á derecho la sentencia que dictó la Corte
de San Juan en 20 de junio del año próximo pasado y
confirmarse en todas sus partes, con las costas del recurso
también á cargo de Don Policarpo Fernández.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y
Asociados Figueras, MacLeary y Wolf.