CARMEN TIRADO VIUDA DE MÉNDEZ, demandante y apelada, *v.* THE FAJARDO SUGAR CO. OF PORTO RICO, demandada y apelante.

No. 4462.—*Sometido:* Abril 9, 1929. *Resuelto:* Febrero 4, 1930.

*Jaime Sifre y Diego O. Marrero,* abogados de la apelante; *Arturo Aponte,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un caso en que el apelante no hizo presión para que se celebrara la vista del mismo. Los hechos principales tuvieron lugar en octubre o noviembre de 1927. Se apeló de una orden de la Corte de Distrito de Humacao de fecha 15 de noviembre de 1927. Después de varias prórrogas y en espera de que se transigiera el caso, el juicio fué pospuesto después de haberse señalado para el 28 de diciembre de 1928. Finalmente oímos el caso en abril de 1929, pero el apelado no nos ha ayudado en la consideración de las importantes cuestiones que se han sometido.

La resolución apelada dice así:

"Vista la moción de aseguramiento presentada por la demandante en la que solicita que se prohiba a la demandada ceder, traspasar o ejecutar en forma alguna el crédito hipotecario otorgado entre las partes por escritura No. 23 de fecha 11 de marzo de 1925 ante el notario de Fajardo don Ramón P. Rodríguez Alberty, y vistas las secciones 2, 3 y 4 de la Ley para asegurar la efectividad de sentencia, aprobada en 1 de marzo de 1902, la corte ordena a la demandada sus oficiales, agentes, empleados subalternos y cuantas personas actúen bajo su dirección, se abstengan de traspasar, ceder o ejecutar en forma alguna el mencionado crédito hipotecario constituído según la dicha escritura No. 23 en cuanto a los dos plazos del capital correspondientes al 30 de junio de 1926 y 30 de junio de 1927, apercibidas dichas personas de ser castigadas por esta corte si desobedecieren la presente orden. La demandante deberá prestar una fianza por la suma de $2,000.00 antes de que proceda a entrar en vigor esta resolución."

Nos parece bastante obvio que bajo la teoría de haber pagado todo lo que se adeudaba en un momento dado, un deudor hipotecario no tiene derecho a obtener una orden prohibiendo a su acreedor que ejecute, ceda o traspase la hipoteca. En el presente caso se adeudaban algunos plazos por concepto de principal e intereses, aunque de acuerdo con la demanda tales plazos no eran exigibles. En el momento en que escribimos esto estamos plenamente convencidos, bajo los hechos de la demanda, de que la Corte de Distrito de Humacao no tenía poder o autoridad para impedir la cesión o traspaso del crédito hipotecario.

La controversia principal en este caso es si una corte puede, mediante una orden de embargo, prohibir al acreedor hipotecario que ejecute una hipoteca. La teoría de la demanda es que el demandante había pagado o depositado en la corte todos los plazos vencidos por concepto de principal e intereses. Este pleito fué radicado anticipándose a un procedimiento de ejecución hipotecario. En el seno del tribunal han surgido algunas dudas con respecto a si al entablarse un procedimiento ejecutivo hipotecario, un deudor no

puede tener otros derechos inmediatos que los especificados en el Reglamento para la ejecución de la Ley Hipotecaria, pero no es necesario que dilucidemos las dudas en esta opinión.

Para nosotros es enteramente claro que un deudor hipotecario no puede acudir a una corte y obtener una orden o un embargo para impedir que su acreedor ejecute la hipoteca o transfiera el crédito, según se trató de hacer en este caso. En ninguna parte de la ley hallamos justificación alguna para la teoría de que un deudor hipotecario, al alegar el pago de la cantidad adeudada en el momento, pueda impedir que una persona que reclama un derecho ventile ante una corte el hecho de tal pago o la ejecución de una hipoteca si los términos del contrato no han sido cumplidos.

*La resolución apelada debe ser anulada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison, disintieron.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. TEXIDOR.

Estoy de acuerdo con la opinión del Juez Sr. Wolf en este caso. Pero deseo adicionar otro extremo en favor de la sentencia.

En la demanda en este caso aparecen dos alegaciones, cuyo texto es como sigue:

''6. Que la demandante ha pagado a la demandada por conducto de don Gerardo Méndez todos los plazos de intereses vencidos hasta comprender el correspondiente al 30 de junio de 1927 y le ha ofrecido y querido pagar por igual conducto los plazos del capital correspondientes al 30 de junio de 1926 y 30 de junio de 1927, negándose dicha demandada a aceptar el pago de dichos plazos, y negándose, del propio modo, a otorgar carta de pago por los intereses satisfechos, o a reconocer que los mismos hayan sido pagados.

''7. Que la demandante vuelve a ofrecer ahora a la demandada para que acepte el pago de los dos plazos vencidos de la hipoteca, y al efecto consigna y deposita los $2,000.00 a que montan dichos dos

plazos hipotecarios y los deja a la disposición y orden de la susodicha demandada."

Y al resolver la corte la moción de reconsideración, dijo:

"En el caso presente el demandante alega haber pagado los intereses vencidos y a más ha consignado a disposición de la acreedora ante esta corte la suma de dos mil dólares importe de los dos plazos vencidos."

Nótase que para la corte ha sido de gran importancia el hecho de la llamada *"consignación."* Y aquí el error de la corte.

En este caso no se ha alegado la existencia de una consignación. Esta, para ser tal, y para que pueda producir efecto, ha de reunir las siguientes condiciones de ley: (*a*) Ofrecimiento de pago, y negativa sin razón a admitirlo; (*b*) anuncio de la consignación; (*c*) depósito de las cosas debidas; (*d*) notificación del depósito a los interesados.

Se alega que se ha ofrecido a la parte acreedora el pago de los plazos vencidos, y ella se ha negado a aceptarlos; y que por la demanda "vuelve a ofrecer" a la demandada el pago, y "al efecto consigna y deposita . . ." Esta conclusión de la demandante es errónea, y lo es lo mismo la de la corte. Para consignar faltan los siguientes requisitos, no alegados: que el acreedor se niega *sin razón* a admitir el pago, que se le ha avisado de la intención de consignar; y que se le notificó la entrega en corte.

Los artículos 1144, 1145 y 1146 del Código Civil de Puerto Rico, son perfectamente claros; ellos fijan los requisitos de la consignación, y determinan que ésta será ineficaz si no se ajusta a las disposiciones que regulan el pago. Y en cuanto a nuestra jurisprudencia, la decisión en el caso *García* v. *Fernández*, 8 D.P.R. 106, es absolutamente clara; según ella la consignación no tiene eficacia más que cuando se cumple con los requisitos exigidos por el Código Civil, ofrecimiento, aviso de que se va a consignar, depósito y notificación.

Si en este caso hubiera existido una verdadera consigna-

ción, quizá no se habría promovido el pleito, ya que una consignación bien hecha libera al obligado, según nuestro Código Civil, en el que se encuentra el artículo 1148, cuyo texto en su primer párrafo, es:

"Hecha debidamente la consignación, podrá el deudor pedir al tribunal o juez que mande cancelar la obligación."

Lo que ocurre es que se quiso sustituir la consignación con un depósito en corte y esto no es lo legal.