José Piñero Díaz y Joaquín Villamil, peticionarios y apelados, *v.* Pedro Díaz Correa, opositor y apelante.

No. 6688.—*Sometido:* Febrero 4, 1936. *Resuelto:* Febrero 25, 1936.

*Rodolfo Ramírez Pabón*, abogado del apelante; *F. García Veve*, abogado de los apelados.

EN MOCIÓN DE RECONSIDERACIÓN

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Éste es un caso sobre consignación. José Piñero y Joaquín Villamil suscribieron a favor de Pedro Díaz un pagaré por quince mil dólares vencedero en septiembre 14, 1936, "reservándose el derecho de hacer en cualquier tiempo pagos parciales no menores de mil dólares ($1,000) que el acreedor conviene y consiente en aceptar," según reza el propio documento.

En noviembre de 1931 abonaron mil dólares y en octubre de 1932 mil novecientos, que el acreedor recibió sin dificultad. En junio de 1933 trataron de abonar mil dólares y el acreedor se negó a recibirlos porque según él el abono debería ser de tres mil y no de mil.

Los deudores acudieron entonces a la Corte de Distrito de San Juan y consignaron en ella a la disposición de su acreedor los mil dólares. Notificado el acreedor, tras algunos procedimientos preliminares que no tienen importancia decisiva para la resolución del recurso, impugnó el procedimiento por no haberse acreditado de modo auténtico el ofrecimiento de pago, ni haberse anunciado, ni verificado la consignación siguiendo los trámites de ley.

Trabada así la contienda, los peticionarios presentaron su evidencia en noviembre 14, 1933, y en noviembre 24 la corte dictó sentencia declarando bien hecha la consignación.

No conforme el acreedor, apeló.  Señala en su alegato nueve errores.

Según la opinión que del caso hemos formado tras un estudio detenido del mismo, la razón para consignar existía, se acreditó el ofrecimiento de pago y de haber sido la consignación previamente anunciada, procedería la confirmación de la sentencia recurrida.  No se demostró que lo fuera y la sentencia tendrá que ser revocada.

Se alegó por los peticionarios que el anuncio se había hecho por medio del abogado Ramírez Pabón y llamado por ellos a declarar en el juicio, dijo:

"Lo sucedido fué que el señor Piñero Díaz fué a mi casa en momentos en que yo salía para mi oficina . . . .  Debo aclarar que yo he intervenido, o había intervenido hasta esa fecha en todas las negociaciones pendientes entre el señor Piñero Díaz y el señor Díaz Correa no como mandatario de él, sino más bien como un mensajero amigable; me requirió para que gestionase cerca del señor Díaz Correa que el señor Díaz Correa aceptase Mil (1,000) Dollars a cuenta del pagaré pendiente a que se refiere el expediente objeto de este pleito.  Entonces yo monté en el automóvil del señor Piñero. Como la casa del señor Díaz Correa—la casa habitación del señor Díaz Corea en aquella fecha—quedaba en la planta alta del sitio en que el señor Piñero Díaz tiene su almacén, que pertenece también al señor Díaz Correa, el señor Piñero se quedó en su almacén y yo entonces subí a la casa residencia del señor Díaz Correa y le expliqué el motivo de mi visita.  Yo tenía que tratar con el señor Díaz Correa otros asuntos, y le hice saber que el señor Piñero había estado donde mí y me había pedido que fuese donde él (donde el señor Díaz Correa) a ver si quería aceptar $1,000.  El señor Díaz Correa me contestó que no, que él no aceptaba $1,000, y que él únicamente aceptaría la suma que realmente estaba obligado a abonarle a cuenta del pagaré.

"Yo seguí hablando con el señor Díaz Correa de varios asuntos y tardé algún tiempo.  Después bajé al almacén del señor Piñero Díaz, el señor Piñero Díaz me llevó a mi oficina, y en el camino el señor Piñero Díaz me preguntó 'Y qué crees tú que debo hacer ahora?' Y entonces yo le dije: 'Bueno, válete del recurso de la consignación.' Esa es la verdad.  Pero yo no fuí a hacerle ni a ofrecerle pago alguno al señor Díaz Correa, ni a anunciarle consignación alguna, puesto que ése no fué el objeto de mi visita, ni yo tampoco lo hice."

Declararon entonces los propios peticionarios manifestando que no sólo encomendaron al abogado Sr. Ramírez Pabón que ofreciera al Sr. Díaz los mil dólares, si que le anunciara que en caso de no aceptarlos los consignaría en la corte.

Con esa evidencia como única base no es posible concluir que el previo anuncio se hizo. ¿Es necesario?

Lo exige de modo terminante la ley. "Para que la consignación de la cosa debida libere al obligado, deberá ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación," prescribe el artículo 1131 del Código Civil, ed. 1930.

"Para que la consignación ante la autoridad judicial sea eficaz y pueda liberar al obligado, es necesario que la cantidad consignada hubiere sido previamente ofrecida al acreedor y que éste se hubiere negado a aceptarla, y además que se le haya anunciado oportunamente la consignación," decidió esta corte en *García* v. *Fernández*, 8 D.P.R. 106, 107.

Comentando Manresa el artículo 1177 del Código Civil antiguo, igual al 1131 del vigente, expone la razón del precepto y su alcance, como sigue:

"Exige la ley que a la consignación preceda un anuncio de la misma, requisito que no puede considerarse cumplido con el simple ofrecimiento de pago, ya por razón de la diferencia de concepto que entre ambos existe, ya porque la ley exige una y otra cosa con separación y nombres distintos. Se diferencian en que el ofrecimiento por sí no intima como la consignación, quedando en un orden, por cirlo así, más amistoso y privado; y se explica que la ley pida además el anuncio de aquélla atendiendo a que es aviso más serio, de consecuencias que tal vez venzan resistencias injustificadas, y atendiendo, por otra parte, a que la consignación exige que se prevengan, para hacer valer los derechos que con la misma se relacionen, aquéllos que puedan tenerlos.

"Se diferencian además por razón de las personas a quienes deban hacerse, en cuanto el ofrecimiento sólo se dirige al acreedor, y el anuncio de la consignación a las personas interesadas en el cumplimiento de la obligación; término éste distinto y más amplio. La vaguedad inevitable que hay en dicha expresión ha de concretarse re-

firiendo aquélla a quien tenga un interés cierto en la obligación, bien como sujeto pasivo, codeudor o fiador, bien como sujeto activo, coacreedor solidario, bien como posible litigante, en el caso de que dos o más personas ostenten aquel carácter, bien como acreedor del que a su vez lo es del deudor, habiendo obtenido en garantía de su crédito la que supone aquél por causa del cual se procede a la consignación.

"Se diferencian también el ofrecimiento de pago y el anuncio de consignación en la distinta extensión de su necesidad; mientras la de aquél está limitada, como regla general, al caso de negativa por el acreedor, en cambio el anuncio deberá verificarse en más casos, ya porque se extiende, no sólo al acreedor, sino a distintas personas, ya también porque en alguno de los casos previstos en el art. 1176, párrafo 2º. (el de haber varias personas que pretendan ser el acreedor), no procede la oferta, pero sí el aviso.

"A pesar de esas notables diferencias (con motivo de las cuales hemos ido explicando lo relativo al anuncio de consignación), nada se opone a que se simplifique el procedimiento, haciendo aquél y la oferta de pago en un solo acto, que comprenda, con la distinción necesaria, el ofrecimiento ante todo, y subsidiariamente el anuncio de que, al no ser aceptado aquél, se procederá a consignar lo debido.

"El anuncio, lo mismo que el ofrecimiento, pueden hacerse judicial o extrajudicialmente, justificándose su práctica de un modo auténtico por uno u otro procedimiento para proceder a la consignación del pago." 8 Manresa. Comentarios al Código Civil Español, 298, 4ª. ed.

*En tal virtud debe revocarse la sentencia recurrida y dictarse otra declarando ineficaz la consignación, sin especial condenación de costas.*

El Juez Asociado Señor Córdova Dávila no intervino.