ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| COOPERATIVA DE AHORRO Y CRÉDITO MOROVEÑA<br><br>Ex parte<br><br>APELANTE | KLAN202400761 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Vega Baja<br><br>Caso Núm. VB2024CV00499<br><br>Sobre: Consignación de Fondos del Causante Jorge Antonio Loarte Rivera |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

Comparece la Cooperativa de Ahorro y Crédito Moroveña (la Cooperativa o la Apelante), y solicita la revocación de la *Resolución* emitida y notificada el 8 de julio de 2024, por el Tribunal de Primera Instancia, Sala de Vega Baja (TPI o foro primario). Mediante la referida *Resolución* el foro primario desestimó sin perjuicio, por falta de jurisdicción, la *Petición de Consignación* presentada por la Apelante con el fin de consignar unos fondos depositados en la Cooperativa en la cuenta de acciones y ahorro del Sr. Jorge Antonio Loarte Rivera, (señor Loarte Rivera o el causante), quien falleció intestado el 6 de febrero de 2018.

Al ser el recurso de epígrafe uno que versa sobre un procedimiento de jurisdicción voluntaria, lo acogemos como un *Certiorari* según dispuesto en la Regla 32 (c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (c) y Regla 52.2 (b) de Procedimiento Civil, 32 LPRA. Ap. V, R. 52.2 (b). No obstante, por economía procesal este recurso preservará la identificación alfanumérica adscrita. Por los fundamentos que expondremos a continuación, se expide el Auto y confirmamos la Resolución final recurrida.

Número Identificador
SEN2024_____

**I.**

El 8 de julio de 2024, la Cooperativa presentó ante el foro primario *Petición de Consignación* con el fin de consignar unos fondos depositados en la cuenta de acciones y ahorro del señor Loarte Rivera, quien falleció intestado el 6 de febrero de 2018. Adujo la Cooperativa que según la Sra. Amina Padilla Collazo, una de las herederas del causante, no todos los herederos del señor Loarte Rivera estaban disponibles para recibir la herencia y/o realizar en conjunto su partición, así como para solicitarle a la Cooperativa el desembolso de los fondos depositados por el causante en la cuenta. A dicha *Petición de Consignación* la Cooperativa anejó Resolución sobre Declaratoria de Herederos emitida en el caso con designación alfanumérica VB2019CV00238 y Certificado de Defunción del señor Loarte Rivera.[1] La Cooperativa alegó, además, que advino en conocimiento de que otra de las herederas del causante, la Sra. Daisy Loarte, falleció el 3 de junio de 2024, siendo soltera y sin dejar descendencia. Así las cosas, la Cooperativa solicitó al TPI tomar conocimiento judicial de la Resolución sobre declaratoria de herederos anejada a la *Petición de Consignación* e incluyó los nombres y direcciones postales de cada uno de los miembros de la sucesión del señor Loarte Rivera. De igual forma, en la *Petición de Consignación*, la Cooperativa afirmó que informó a la Sra. Amina Padilla Collazo que los fondos de la cuenta del causante (Cuenta #128033) serían consignados en el Tribunal al amparo del Artículo 1131 del Código Civil, 31 LPRA sec. 3181, el cual autoriza a un deudor a pagar consignando la cosa debida en ciertas circunstancias, tales como la ausencia. Sobre estos extremos, razonó la Cooperativa que toda vez que los herederos no están disponibles para recibir la herencia, procedía la consignación al configurarse la condición de la ausencia.

Así las cosas, la Cooperativa solicitó al foro primario que aceptara como bien hecha la consignación de la suma de $31,902.44 mediante el cheque de gerente número 016368 emitido el 27 de junio de 2024, por

---

[1] *Véase* Apéndice 1 de la *Apelación*

concepto de fondos del causante en la cuenta número 128033 de la Cooperativa. Finalmente, la Cooperativa afirmó que notificaría la Petición de Consignación a cada uno de los herederos a sus direcciones postales conocidas.

Mediante *Resolución* emitida y notificada el 8 de julio de 2024, el foro primario desestimó sin perjuicio, por falta de jurisdicción, la *Petición de Consignación* presentada por la Cooperativa. Concluyó el foro primario que toda vez que entre los beneficiarios del causante no hay ningún menor ni incapaz, no procede la consignación de los fondos de la cuenta del causante, solicitada por la Cooperativa y ordenó a la Unidad de Cuentas devolver el dinero consignado de haber alguno.

En desacuerdo, el 10 de julio de 2024, la Cooperativa presentó *Moción en Solicitud de Reconsideración de la Resolución emitida el 8 de julio de 2024.*[2] Allí reiteró que entre las instancias contempladas para que proceda la consignación está la ausencia y que el Artículo 1131 del Código Civil, 31 LPRA sec. 3181, no se refiere al caso de la ausencia regulada por el Código Civil. Razonó que procede declarar bien hecha la consignación dada la ausencia de los acreedores, la cual consiste en que no todos los herederos están disponibles para recibir la herencia dejada por el causante ni para realizar en conjunto la partición.

Mediante *Resolución* emitida el 11 de julio de 2024, notificada el 15 de julio de 2024, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Reconsideración* presentada por la Cooperativa.

Inconforme, la Cooperativa recurrió ante nos mediante el recurso de epígrafe y señala la comisión del siguiente error por parte del foro primario:

> ERRÓ EL TPI AL DECLARASE SIN JURISDICCIÓN PARA ATENDER LA PETICIÓN DE CONSIGNACIÓN DE FONDOS BAJO EL FUNDAMENTO DE QUE, EN LA CONSIGNACIÓN CLÁSICA, PARA QUE UN TRIBUNAL TENGA JURISDICCIÓN, ALGUNO DE LOS BENEFICIARIOS TIENE QUE SER MENOR DE EDAD O INCAPACITADO.

---

[2] *Véase* Anejo III de la *Apelación.*

**II.**

*A.* **La Consignación**

Entre las formas de pago reconocidas en materia del cumplimiento de las obligaciones se reconocen métodos que, sin ser propiamente pagos, "producen efectos liberatorios y extintivos similares". M. J. Vera Vera, *La oferta de pago y la consignación: su eficacia liberatoria en el pago dinerario a menores mediante el procedimiento de jurisdicción voluntaria*, 36 Rev. Der. P.R. 211, 212 (1997). No obstante, estos métodos se han descrito como figuras similares al pago, debido a que su finalidad es la liberación del deudor de la obligación por un método supletorio. Vera Vera, *op. cit.* Uno de estos métodos supletorios reconocidos por nuestro Código Civil es la oferta de pago y consignación. La consignación es el mecanismo que permite al deudor cumplidor liberarse de la obligación pese a la falta de colaboración del acreedor. C. Lasarte, *Principios de Derecho Civil: Derecho de Obligaciones*, 24ª ed., Madrid, Ed. Marcial Pons, 2020, T. II, pág. 133. Es decir que, consiste en el depósito judicial de la cosa que el deudor ha de entregar, acreditando su voluntad de cumplir lo debido y la resistencia del acreedor a recibirlo. *Id.*

La consignación estaba anteriormente regulada por los Artículos 1130 al 1135 del Código Civil de Puerto Rico de 1930, 31 LPRA secs. 3180-3185 y actualmente está regulada por los Artículos 1131 al 1137 del Código Civil de Puerto Rico de 2020, vigente, 31 LPRA secs.9181-9187. En lo pertinente, la consignación libera de responsabilidad al deudor cuando el acreedor se negare sin razón a recibir el ofrecimiento de pago o a admitirlo o cuando el acreedor está ausente o incapacitado para recibirlo. Véase Art. 1131 del Código Civil vigente (2020), 31 LPRA sec. 9181.

El Artículo 1131 del Código Civil de 2020, 31 LPRA sec. 9181 dispone expresamente lo siguiente:

> El deudor queda liberado de responsabilidad mediante la consignación o la oferta de la prestación debida en cualquiera de estos casos:
>
> (a)   Si el acreedor a quien se hace el ofrecimiento de pago se niega, sin razón, a admitirlo;

(b)   si el acreedor está ausente o incapacitado para recibir el pago;

(c)   si varias personas pretenden tener derecho a cobrar; o

(d)   si se ha extraviado el título de la obligación[3]

Sobre estos extremos se ha afirmado que "los términos ausencia e impedimento del acreedor deben entenderse como meras circunstancias de hecho, sin requerirse que se haya producido declaración judicial alguna de ausencia o modificación de la capacidad de obrar, pues en tal caso el pago deberá hacerse directamente a sus legítimos representantes". De igual forma, se ha interpretado que en el contexto de la incapacidad para recibir el pago objeto de la consignación, el término debe "entenderse simplemente en el sentido de que el acreedor no puede recibir el pago en el momento en que deba hacerse". *Véase,* C. Lasarte, *Principios de Derecho Civil: Derecho de Obligaciones*, 24ª ed., Madrid, Ed. Marcial Pons, 2020, T. II, pág. 135 Asimismo, procederá la consignación en todos aquellos supuestos en que el cumplimiento de la obligación se haga más gravosa al deudor por causas no imputables a él.  Lasarte, op. cit., pág. 135.

Según el parecer uniforme de la doctrina, *ausente* no significa que tal ausencia esté declarada oficialmente, esto es, la ausencia regulada en el sentido técnico en los artículos 182 y siguientes del Código Civil. Se refiere simplemente a la falta de presencia física en el lugar de su domicilio o residencia o en el lugar y tiempo que la obligación exigía, o como apunta Lacruz, la falta de "presencia" física para recibir el pago, **a menos que el deudor conozca la residencia del acreedor y pueda fácilmente hacerle el ofrecimiento.** Vera Vera, *op. cit, pág. 221.* (citas omitidas).

La consignación no es un acto exento de formalidades, sino que, por el contrario, por tratarse de un subrogado del cumplimiento de pago, todos

---

[3] El Artículo 1131 del Código Civil de 2020, vigente, 31 LPRA sec. 9181, corresponde al Artículo 1130 del Código Civil de 1930, 31 LPRA sec. 3180 que disponía expresamente lo siguiente:

Si el **acreedor a quien se hiciere el ofrecimiento de pago** se negare sin razón a admitirlo, el deudor quedará libre de responsabilidad mediante la consignación de la cosa debida.

La consignación por sí sola producirá el mismo efecto cuando se haga estando el acreedor ausente o cuando esté incapacitado para recibir el pago en el momento en que deba hacerse, y cuando varias personas pretendan tener derecho a cobrar, o se haya extraviado el título de la obligación.

los elementos son necesarios para declararse *bien hecha*. M. J. Vera Vera, *La oferta de pago y la consignación: su eficacia liberatoria en el pago dinerario a menores mediante el procedimiento de jurisdicción voluntaria*, op. cit., págs. 211- 228.

Por consiguiente, el Artículo 1132 del Código Civil vigente (2020), 31 LPRA sec.9182 dispone:

> **Para que la consignación de la cosa debida libere al obligado, deberá reunir los siguientes requisitos**:
>
> (a)    **Debe ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación**;
> (b)    debe ajustarse estrictamente a los requisitos del pago; y
> (c)    debe hacerse mediante el depósito de lo debido.
>
> (Énfasis suplido).

En lo pertinente a la eficacia de la oferta de pago, el Artículo 1134 del Código Civil vigente (2020), dispone expresamente lo siguiente:

> La persona obligada a una prestación de hacer queda liberada si satisface los requisitos de los incisos (a) y (b) de la sec. 9181 de este título y demuestra su disposición y capacidad de cumplir, si es que para ello requiere de la cooperación activa del acreedor.
>
> (Énfasis suplido)

Sobre estos extremos los incisos (a) y (b) de la sec. 9181, a los que alude el Artículo 1134, *supra*, para que el deudor quede liberado de su obligación, requiere que el acreedor a quien se hizo el ofrecimiento de pago se niegue sin razón a admitirlo o que dicho acreedor esté ausente o incapacitado para recibirlo. Si bien no es necesario que concurran ambos, conforme a lo dispuesto en el Artículo 1132 del Código Civil vigente (2020), 31 LPRA sec.9182 la consignación de la cosa debida liberará al obligado siempre y cuando esta sea previamente anunciada a las personas interesadas en el cumplimiento de la obligación.

Sobre este requisito contemplado ahora en el Artículo 1132 del Código Civil vigente (2020), 31 LPRA sec.9182, y anteriormente en el Artículo 1131 del Código Civil de 1930, 31 LPRA sec. 3181, la doctrina vigente establece que el acto del ofrecimiento y del aviso de la consignación si bien son actos distintos, son requisitos necesarios para la eficacia de la consignación. *Piñero v. Díaz*, 49 DPR 629, (1936) lo siguiente:

**Para que la consignación ante la autoridad judicial sea eficaz y pueda liberar al obligado, es necesario que la cantidad consignada hubiere sido previamente ofrecida al acreedor y que éste se hubiere negado a aceptarla, y además que se le haya anunciado oportunamente la consignación.** *Piñero v. Díaz,* **49 DPR 629, 632 (1936).**

Como regla general, para que el acto de la consignación tenga el efecto de liberar al deudor, se requiere que se haga un ofrecimiento al acreedor de la suma o la cosa consignada, que el acreedor se haya negado a aceptarla y que se haya anunciado la consignación a las personas interesadas en la obligación. Sin embargo, el Tribunal Supremo, aclaró que en casos de un incapaz o un menor, la consignación surtirá el efecto de liberar al deudor y, consiguientemente, extinguirse la obligación, cuando el representante legítimo de éste supla la falta de capacidad y acepte la cuantía consignada. En ausencia de tal aceptación, el deudor podrá quedar igualmente liberado cuando recaiga una declaración judicial a los efectos de que la consignación estuvo bien hecha. *A.S.R. v. Procurador de Relaciones de Familia*, 196 DPR 944, 953 (2016)*.* Sin embargo, no surge de la jurisprudencia interpretativa que esta norma aplique a los casos de ausencia ni a los casos en que varias personas pretenden tener derecho a cobrar, como lo sería los miembros de una sucesión.

Como requisitos de la consignación, la ley exige prueba documental que acredite el anuncio de aquella y el ofrecimiento en los casos en que proceda. Para acreditarse el ofrecimiento deberá demostrarse también la negativa, para lo cual, tanto en la negativa como en las gestiones del aviso previo y en defecto de prueba documental, será necesario anunciar la testifical para, en su momento, acreditar la gestión realizada y su resultado. El escrito ante el tribunal, o "la demanda" deberá precisar el cumplimiento de estos requisitos, o las causas por las que no se han cumplido los mismos. Aunque hay libertad en cuanto a la prueba para aquilatar los actos previos, bien y lógicamente serán más convenientes aquellas que dejan prueba al efecto. Después de todo, corresponde al proponente el peso de la prueba y del cumplimiento de lo requerido. No hacerlo podría resultar en el decreto de que la consignación no está bien hecha. M. J. Vera Vera, *La oferta de pago*

*y la consignación: su eficacia liberatoria en el pago dinerario a menores mediante el procedimiento de jurisdicción voluntaria*, op. cit., pág. 236. (Citas omitidas)

Es cuando está bien hecha la consignación que el deudor puede pedir al tribunal que determine la suficiencia del pago y ordene cancelar la obligación. Véase, Artículo 1135 del Código Civil vigente (2020), 31 LPRA sec. 9185. Cumplidos y acreditados en autos tanto el ofrecimiento como el aviso previo y la notificación, es cuando puede el deudor solicitar del juez la declaración judicial de estar bien hecha la consignación. De no cumplirse con los requisitos, se producirá la desestimación de la solicitud y la devolución de lo depositado. M. J. Vera Vera *op. cit.,* págs. 237-238. (Citas omitidas)

**III.**

Es la contención de la Cooperativa en el caso que nos ocupa, que incidió el foro primario al desestimar la *Petición de Consignación de Fondos* fundamentada en que para que proceda la consignación es necesario que entre los beneficiarios del causante se encuentre un menor o un incapaz. La Cooperativa argumenta que no todos los herederos del causante están disponibles para recibir la herencia dejada por el señor Loarte Rivera, entre estos los fondos depositados en la cuenta de la Cooperativa; que estos en su mayoría están domiciliados en Estados Unidos; que tampoco están disponibles para realizar en conjunto la partición. Concluye la Cooperativa que los acreedores están ausentes y que, además, son varias las personas con derecho a cobrar. Razona la Apelante que dada la ausencia de los acreedores procedía que el foro primario diera por bien hecha la consignación automáticamente.

Los incisos (a) y (b) de la sec. 9181 (Artículo 1131 del Código Civil de 2020), a los que alude el Artículo 1134, *supra*, para que el deudor quede liberado de su obligación, requiere que el acreedor a quien se hizo el ofrecimiento de pago se niegue sin razón a admitirlo o que dicho acreedor esté ausente o incapacitado para recibirlo. Si bien no es necesario que

concurran ambos, conforme a lo dispuesto en el Artículo 1132 del Código Civil vigente (2020), 31 LPRA sec.9182 la consignación de la cosa debida liberará al obligado siempre y cuando esta sea previamente anunciada a las personas interesadas en el cumplimiento de la obligación.[4]

Es preciso destacar que no surge del expediente que la Cooperativa hubiese ofrecido a los miembros de la sucesión del señor Loarte Rivera el pago de lo debido y que estos se hubiesen negado a recibirlo.

Podría argumentarse, además, como sostiene la Cooperativa, que en este caso, los acreedores estaban ausentes; que el requisito de la ausencia del acreedor no requiere una declaración judicial de ausencia en el contexto de una petición de consignación y que basta la mera falta de presencia física en el lugar de su domicilio o residencia o en el lugar y tiempo que la obligación exigía, o, la falta de "presencia" física para recibir el pago, Vera Vera, *op. cit, pág. 221*. Sin embargo, aun si concluyéramos que la Cooperativa evidenció que los acreedores estaban ausentes para recibir el pago por estar domiciliados en Estados Unidos, dicha interpretación sobre el alcance del requisito de la ausencia establecido en el Artículo 1131 (b) del Código Civil de 2020, 31 LPRA sec. 9181(b) tampoco nos lleva a concluir finalmente que procede la consignación solicitada por la Cooperativa. Es preciso destacar, que la Cooperativa incumplió con el requisito de anunciar previamente a los herederos del causante, que son los acreedores y las personas interesadas en el cumplimiento de la obligación, que consignaría la cosa debida, en este caso, los fondos depositados en la cuenta del causante.

Según consta en la *Petición de Consignación de Fondos*, la Cooperativa tenía las direcciones postales y los números de teléfono de los de los miembros de la sucesión, por lo que tenía alternativas para hacerles el ofrecimiento que exige el Artículo 1132, supra. Tan solo señaló que se ha comunicado con la Sra. Amina Padilla Collazo, una de las herederas. Ante

---

[4] Así también lo requería el Artículo 1131 del Código Civil de 1930, 31 LPRA sec. 3181, al disponer que "[p]ara que la consignación de la cosa debida libere al obligado, deberá ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación."

dicho incumplimiento, la consignación de los fondos por parte de la Cooperativa no surte eficacia por lo que no libera a la Apelante de su obligación. [5] En tales casos, se requiere que se haga un ofrecimiento a los acreedores de la suma o la cosa consignada, que el acreedor se haya negado a aceptarla y que se haya anunciado la consignación a las personas interesadas en la obligación. Finalmente, es preciso destacar que aun cuando la Apelante argumenta que, por los dichos de una de las herederas del causante, los acreedores estaban ausentes porque residen fuera de Puerto Rico, lo cierto es que de la *Petición de Consignación* presentada por la Cooperativa surgen las direcciones de estos, quienes son los miembros de la sucesión del señor Loarte Rivera. En esencia, son estas las personas que tendrían derecho a cobrar la suma objeto de la consignación, por lo que no se justifica el incumplimiento con el requisito del ofrecimiento previo o del anuncio de la consignación, Artículo 1132, *supra.* Solo mediante el cumplimiento de todos los requisitos es que el tribunal puede dar por bien hecha la consignación, cuyo efecto será liberar al deudor de su obligación. *Véase*, Artículo 1135 del Código Civil vigente (2020), 31 LPRA sec. 9185.

Con estos antecedentes, aunque por distintos fundamentos, concluimos que no incidió el foro primario al desestimar sin perjuicio la *Petición de Consignación de Fondos* presentada por la Cooperativa.[6]

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, se expide el Auto y se confirma la Resolución final recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] *Véase* Artículo 1132 del Código Civil, vigente (2020), 31 LPRA sec. 9182.
[6] Toda revisión se da contra la sentencia y no contra sus fundamentos. *Piñero v. Int'l Air Serv. Of P.R., Inc.,* 140 DPR 343,354 (1996).